IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELLIOT MUSIAL, on behalf of himself )
and all others similarly situated, )
)
      **Plaintiff,** )
)
  v. ) No. 11 C 1901
)
HITACHI HOME ELECTRONICS )
(AMERICA), INC.; HITACHI AMERICA, )
LTD.; and HITACHI LTD., )
)
      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Elliot Musial ("Musial") Inc. brought this putative class action against Hitachi Home Electronics (America), Inc., Hitachi America, Ltd., and Hitachi, Ltd. (collectively, "Hitachi") in Illinois state court, based on an alleged defect in the optical block of certain Hitachi LCD rear-projection televisions. Hitachi removed the suit to this Court and now seeks to transfer it to the Southern District of California, where other suits against it, based on the same defect, and brought by the same plaintiffs' attorneys, have been consolidated ("the Consolidated Action"). For the reasons discussed below, the motion is granted.

The federal venue-transfer statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.

§ 1404(a). Thus, "[a] court may transfer a case if a moving party shows that: (1) venue is proper in the district where the action was originally filed; (2) venue would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *Handler v. Kenneth Allen & Associates, P.C.*, No. 10 C 3728, 2011 WL 1118499, at *1 (N.D. Ill. Mar. 24, 2011).

Venue is proper in this District, since it embraces the Circuit Court of Cook County, where the action was originally filed. *See* 28 U.S.C. § 1441(a). Venue is also proper in the Southern District of California, since each of the defendants resides there, 28 U.S.C. § 1391, and in any event, Musial has not raised any argument to the contrary. The only issue genuinely in dispute is whether transfer would serve the convenience of the parties and the interest of justice.

Making this determination requires consideration of relevant private interest factors (e.g., plaintiff's choice of forum; the situs of material events; relative ease of access to sources of proof; convenience of the parties and witnesses) and public interest factors (e.g., the court's familiarity with the applicable law; the speed at which the case will proceed to trial; and desirability of resolving controversies in their locale). *See, e.g., Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 960 (N.D. Ill. 2006). The "interest of justice," on the other hand,

"pertains to the efficient administration of the court system, and is a distinct and separate component of a § 1404(a) analysis." *Simonian v. Pfizer, Inc.*, No. 10 C 1193, 2011 WL 2110005, at *2 (N.D. Ill. May 23, 2011).

Hitachi argues that the interest of justice strongly favors transfer in light of a Consolidation Order ("Consolidation Order," "the Order") entered in the Consolidated Action. The Order states that "[t]he Court and parties consent to the transfer of Related Actions, as that term is defined in Section IV, to this Court." Defs.' Requests for Judicial Notice, Ex. 2 (Doc. 28-5) at I.B. In turn, Section IV of the Order provides: "Any proposed class action, filed in any United States District Court, against one or more of the defendants, alleging a defect in the optical block of Hitachi-brand LCD Rear Projection televisions shall be deemed a 'Related Action.'" *Id.* IV.B.

There can be no dispute that the instant suit is a "Related Action" under this definition. There also can be no question that transfer would serve judicial efficiency. The underlying facts, technical information, and discovery at issue in this case is similar – and in some respects, identical – to that involved in the Consolidated Action. Transferring the case will avoid duplicating work that has already been undertaken in the Consolidated Actions. This will also permit the case to proceed more swiftly than would be the case if it were to remain here.

Nevertheless, Musial maintains that the case should not be transferred. He places particular emphasis on the district court's denial of the motion for class certification previously filed in the Consolidated Action. *See In re Hitachi Television Optical Block Cases*, No. 08cv1746 DMS (NLS), 2011 WL 9403 (S.D. Cal. Jan. 3, 2011).[1] According to Musial, "the court there declined to exercise jurisdiction of a class containing non-California residents based upon its finding – made at Hitachi's urging – that there were insufficient contacts with the controversy to the State of California." Resp. at 2.

Despite Musial's suggestion to the contrary, the court's decision does not indicate that suits involving plaintiffs from Illinois and other states should not be brought in California. As noted above, the Consolidation Order's definition of "Related Actions" encompasses cases brought against Hitachi in any District Court in the country, so long as they are based on the same defect as that alleged in the Consolidated Action. Indeed, the Consolidation Order specifically requests assistance from counsel "in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action." Consolidation Order IV.B.

---

[1] The plaintiffs' motion for reconsideration of the order was denied. However, they have filed a renewed motion seeking certification of a California statewide class of consumers. That motion is set to be ruled on in September 2011.

The court's denial of the class certification motion was based on its determination that, since the motion proposed a nationwide class, it would be arbitrary and unfair under the Supreme Court's decision in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), to apply California law to the claims of class members residing in other states. *In re Hitachi Television*, 2011 WL 9403, at *10 (quotation marks and citation omitted). The court specifically indicated that this problem could be circumvented by the creation of statewide subclasses. The court declined to certify any such subclasses, however, "unless and until" the plaintiffs provided more detailed information about the representatives for each subclass, the size of each subclass, and other criteria required under Fed. R. Civ. P. 23.

Musial argues that it can "fairly be implied" from the denial of the class certification motion that the court "has no interest or desire for a multi-state trial of this action relying upon the laws of different states." Pl.'s Mem. at 8. I disagree. The portion of the opinion that Musial cites in support of his claim merely observes that, with respect to the claims at issue in the suit, California law is not identical to the laws of other states. Nor, in any event, would transferring this action to the Southern District of California necessarily entail a multi-state trial. The Illinois action might be tried separately, or the court might consolidate the case for discovery purposes only, and transfer the

action back to this court for trial.  *See* Reply at 14.

Musial also makes much of the fact that the Seventh Circuit's decision in *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742 (7th Cir. 2008), was recently vacated and remanded by the Supreme Court for reconsideration in light of its decision in *Smith v. Bayer Corp.*, 564 U.S. ---- (2011).  *See Thorogood v. Sears, Roebuck & Co.*, --- S. Ct. ---- (2001).  Hitachi relied on *Thorogood* in arguing that, although Musial was not a party to the Consolidated Action, he was nevertheless bound by the Consolidation Order entered in the suit.  Hitachi now concedes that, under *Bayer*, Musial is not bound by the Consolidation Order.  *See* Defs.' Motion to Strike or to File Sur-Rebuttal at 2.  This is of little importance, however, because Hitachi never premised its argument solely on the notion that Musial was bound by the consolidation order.  Hitachi additionally argued that, irrespective of whether it was formally binding, the Order clearly weighed very heavily, indeed decisively, in favor of transfer.[2]  I agree.

Musial argues that certain private interest factors militate against transfer.  For example, he notes that the case was filed in his home state of Illinois, and that the plaintiff's choice of

---

[2] Musial filed a "Notice of Supplemental Authorities and New Factual Developments Relating to Defendant's Motion to Transfer," after the *Bayer* decision was handed down.  Hitachi has moved to strike the filing.  Since Hitachi's motion to transfer is granted, the motion to strike is denied as moot.

forum is usually entitled to substantial deference in determining the propriety of transfer. But this rule does not apply with the same force where, as here, an action has been removed from state to federal court. *See, e.g.*, *Wright v. UDL Laboratories, Inc.*, No. 10-cv-4610, 2011 WL 760067, at *3 (N.D. Ill. Feb. 24, 2011) ("[S]ome courts have noted that a case that has been removed from state to federal court is no longer in plaintiff's chosen forum, and therefore does not require as much emphasis on this factor.") (citing *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752-53 (7th Cir. 2008); *Deist v. Washington University Medical Center*, 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005); *Campbell Software, Inc. v. Kronos Inc.*, No. 95 C 7348, 1996 WL 124457, at *6 (N.D. Ill. Mar. 19, 1996).

This is of course not to say that Illinois has no connection with Musial's suit. But even if Musial were correct in arguing that private interest factors cut against transfer, for the reasons stated above, transfer still would be appropriate in the interest of justice. *See, e.g.*, *Simonian*, 2011 WL 2110005, at *2 (noting that the interests of justice "may be determinative, even though the Court would otherwise find the original forum inconvenient for the parties and witnesses") (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986)) (quotation marks omitted); *Campbell Software, Inc. v. Kronos Inc.*, No. 95 C 7348, 1996 WL 124457, at *6 (N.D. Ill. Mar. 19, 1996) ("The most significant

factor in this case is the interest of justice and the efficient operation of the courts. Although convenience factors may favor this district, they do not outweigh the interest of justice.").

For these reasons, Hitachi's motion to transfer is granted.[3]

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 12, 2011

---

[3] Hitachi raises a number of other arguments in favor of transfer. For example, it accuses Musial of forum-shopping and gamesmanship. Specifically, Hitachi argues that Musial opposes its motion to transfer because it wishes to wait and see whether the court in the Consolidated Action ultimately certifies a class consisting of California purchasers. If so, Hitachi anticipates that Musial himself will seek certification of a class of Illinois purchasers in the Consolidated Action. If not, he will continue to pursue the action in this court. Notably, Musial has not disavowed such an intention.